(50 Misc. Rep. 358)
### HELLTHALER v. TEFT WELLER CO.

(Supreme Court, Appellate Term.   April 24, 1906.)

1. APPEAL—QUESTION NOT RAISED BELOW.
   A question not raised below cannot be raised for the first time on appeal.
   [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1018, 1121.]

2. TRIAL—INSTRUCTIONS—BURDEN OF PROOF.
   An instruction that "the burden of proof is upon plaintiff to prove his version of the transaction" was properly refused, as his "version" was but one element of the proof, and not the ultimate fact to be proven.

3. APPEAL—ESTOPPEL TO ALLEGE ERROR.
   Defendant cannot urge that the refusal of an improperly worded instruction requested by him may have led the jury to misconceive the rule as to the burden of proof.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Henry J. Hellthaler against the Teft Weller Company. From a judgment for plaintiff, defendant appeals.  Affirmed, with costs.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Gennert & Gennert, for appellant.
Julius Fischer, for respondent.

BISCHOFF, J.   The claim in suit was for the balance of wages for 20 weeks, at the rate of $9 per week; it being alleged that the plaintiff was employed by the defendant during the period at the agreed rate of $18 per week, half of which sum only was paid to him.  It appeared from the plaintiff's proof that he had been employed by the defendant for about a year at $18 a week, when on June 27, 1903, he found in his pay envelope $9; that he asked for an explanation, and was told that it had been arranged by his employers, at his father's request, to hold back half of his wages.  The plaintiff's father testified that he had requested the defendant's superintendent, Mr. Bogue, to pay the plaintiff only half of his regular wages, holding the balance for six months, in order that the plaintiff, a minor, might have less to spend each week, and become less open to the temptations which attend the possession of money by one of his age.  The testimony produced for the defendant was to the effect that the wages were to be reduced to $9, subject to the defendant's election to give a bonus to the plaintiff at the end of six months, should his behavior be deemed good in the defendant's estimation, and not otherwise.

No question was raised at the trial as to the plaintiff's emancipation, and the defendant evidently deemed the father's testimony, that the plaintiff was entitled to his own earnings, sufficient.  The question of emancipation cannot, therefore, be raised now.

It is urged, however, that the justice erred in refusing to charge at the defendant's request that "the burden of proof is upon the plaintiff to prove his version of the transaction."  Necessarily, the burden of proof was upon the plaintiff to establish that his agreed wages were

$18 per week for the period for which he sought a recovery, and his "version of the transaction" was given to support the ultimate fact of the agreement. What he was bound to prove was the agreement, and his "version," taken with all the surrounding circumstances, as well as with the inferences which the jury might draw, even from the testimony of the adverse witnesses favorable to the finding of the continuance of the employment at $18 a week, would together be elements in the proof, the burden of which was on the plaintiff. His "version" was one element of the proof, but was not the ultimate fact to be proven, and there was no error in the refusal of the instruction which was thus invoked to alter the actual issue, and to circumscribe the functions of the jury. The possibility that the refusal of this request led the jury to misconceive the actual rule as to the burden of proof arises solely from the defendant's choice of words to frame the proposition of law, and the party's own mistake cannot operate to take from his adversary the fruits of a properly conducted trial.

The judgment is therefore affirmed, with costs. All concur.